**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| GREATGIGZ SOLUTIONS, LLC, | § | |
| | § | |
| Plaintiff, | § | Case No. 6:20-cv-00628-ADA |
| | § | |
| v. | § | |
| | § | JURY TRIAL DEMANDED |
| GRUBHUB HOLDINGS INC., | § | |
| | § | |
| Defendant. | § | |
| | § | |
| | § | |

**DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

## **TABLE OF CONTENTS**

I.      Statement of Facts................................................................................................. 1

II.     Legal Standard ...................................................................................................... 2

III.    Argument .............................................................................................................. 3

   A.   Count I of the Complaint fails to plausibly allege direct infringement and should be dismissed................................................................................................................ 3

     i.   Plaintiff's identification of the "Accused Instrumentalities" fails to put Grubhub on notice of the allegedly infringing activities. ................................................. 3

     ii.   Plaintiff fails to address a number of claim limitations of claim 25 of the '194 Patent. ................................................................................................................ 6

   B.   Counts II, III, and IV fail to plausibly allege direct infringement and should be dismissed................................................................................................................ 9

     i.   Count II of the Complaint ignores limitations of claim 18 of the '086 Patent and should be dismissed.......................................................................................... 10

     ii.   Count III of the Complaint ignores limitations of claim 1 of the '864 Patent and should be dismissed.......................................................................................... 10

     iii.   Count IV of the Complaint ignores limitations of claim 1 of the '000 Patent and should be dismissed.......................................................................................... 11

   C.   Plaintiff's allegations of willful infringement are deficient and should be dismissed...... 12

     i.   The Complaint's allegations of pre-suit willfulness should be dismissed.................... 12

     ii.   The Complaint's allegations of post-suit willfulness should be dismissed. ................. 14

IV.     Conclusion .......................................................................................................... 15

## **TABLE OF AUTHORITIES**

**Page(s)**

CASES

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)......................................................................................................2

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007)......................................................................................................2

*Bowlby v. City of Aberdeen, Miss.*,
681 F.3d 215 (5th Cir. 2012) ........................................................................................2

*Conley v. Gibson*,
355 U.S. 41 (1957)........................................................................................................2

*Cross Med. Prod., Inc. v. Medtronic Sofamor Danek, Inc.*,
424 F.3d 1293 (Fed. Cir. 2005).....................................................................................4

*De La Vega v. Microsoft Corp.*,
No. W-19-CV-00612-ADA, 2020 WL 3528411
(W.D. Tex. Feb. 11, 2020) ................................................................................... passim

*Flash-Control, LLC v. Intel Corp.*,
C.A. No 1:19-cv-1107-ADA, No. 35 (W.D. Tex. Oct. 31, 2019) ...........................13

*Hewlett–Packard Co. v. Bausch & Lomb Inc.*,
909 F.2d 1464 (Fed.Cir.1990)......................................................................................4

*In re Michlin*,
45 C.C.P.A. 1028, 256 F.2d 317 (1958) ......................................................................4

*M & C Innovations, LLC v. Igloo Prod. Corp.*,
No. 4:17-CV-2372, 2018 WL 4620713 (S.D. Tex. July 31, 2018) .........................14

*Meetrix IP, LLC v. Cisco Sys., Inc.*,
No. 1-18-CV-309-LY, 2018 WL 8261315 (W.D. Tex. Nov. 30, 2018)..................14

*N. Star Innovations, Inc. v. Micron Tech., Inc.*,
No. 17-506-LPS-CJB, 2017 WL 5501489 (D. Del. Nov. 16, 2017) .........................8

*Nalco Co. v. Chem-Mod, LLC*,
883 F.3d 1337 (Fed. Cir. 2018).................................................................................2, 9

*Parity Networks, LLC v. Cisco Sys., Inc.*,
No. 6:19-cv-00207-ADA, 2019 WL 3940952
(W.D. Tex. July 26, 2019) (Albright, J.)............................................12, 13, 14, 15

*SIPCO, LLC v. Streetline, Inc.*,
230 F. Supp. 3d 351 (D. Del. 2017)....................................................................................3, 6

*Valinge Innovation AB v. Halstead New England Corp.*,
No. 16-1082-LPS-CJB, 2018 WL 2411218 (D. Del. May 29, 2018)................................12, 13

*VLSI Tech. LLC v. Intel Corp.*,
C.A. No. 6:19-cv-00254-ADA, No. 52 (W.D. Tex. Aug. 6, 2019) .........................................14

Plaintiff GreatGigz Solutions, LLC ("GreatGigz") filed this lawsuit against Defendant Grubhub Holdings Inc. ("Grubhub") on July 10, 2020, alleging infringement of U.S. Patent Nos. Nos. 6,662,194 ("the '194 Patent"); 7,490,086 ("the '086 Patent"); 9,760,864 ("the '864 Patent"); and 10,096,000 ("the '000 Patent") (hereinafter collectively referred to as "the Asserted Patents"), each in a separate count. *See* Dkt. No. 1 ("Complaint") at ¶¶ 51, 66, 80, 93.

GreatGigz's Complaint fails to put Grubhub on adequate notice of how any Grubhub product or service infringes any claim of the four Asserted Patents. The Complaint identifies disparate components including "servers, hardware, software, and a collection of related and/or linked web pages and mobile applications" that it describes as the "Grubhub Accused Instrumentalities," but fails to identify how this cobbled-together instrumentality allegedly practices the claimed invention or who is the alleged direct infringer using this instrumentality in an infringing manner. Complaint at ¶ 47. GreatGigz wholly ignores certain claim limitations from its allegations, leading to the only plausible inference that there is no conceivable basis to allege infringement of the Asserted Patents by Grubhub. Because the Complaint falls well short of the pleading standard set by *Twombly* and *Iqbal*, Grubhub moves to dismiss the Complaint under Fed. R. Civ. P. 12(b)(6).

## I.    STATEMENT OF FACTS

Count I alleges that Grubhub directly infringes claim 25 of the '194 Patent, but fails to address a number of claim limitations or plausibly allege how Grubhub could practice them. *See id*. at ¶¶ 48–62. The allegations in Count I include screenshots of different Grubhub applications, purported support documentation, and third-party articles, without an explanation as to how the screenshots support GreatGigz's infringement allegations. *See, e.g.*, Complaint at ¶ 55.

Counts II, III, and IV suffer from the same infirmities—failing to provide sufficient descriptions as to how Grubhub practices claim 18 of the '086 Patent, claim 1 of the '864 Patent,

1

or claim 1 of the '000 Patent, respectively.  Instead, Counts II, III, and IV make conclusory allegations that some (but not all) of the claim limitations are met and cite generically to "*See above*" without providing citations to any previous paragraph.  *Id*. at ¶¶ 67–73, 81–87, 94–100.

The Complaint also alleges willful infringement of two of the four Asserted Patents: the '194 and the '086 Patents.  *Id*. at ¶¶ 60, 75.  But the Complaint does not allege that Grubhub had knowledge of these patents prior to the filing of this lawsuit, and instead states that Grubhub had knowledge of the '194 and the '086 Patents "at least as early as the date it received service of this Original Complaint."  *Id*. at ¶¶ 49, 64.

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957)) (internal quotations omitted).  While a complaint need not include detailed factual allegations to survive a Rule 12(b)(6) motion, the pleader's obligation to state the grounds of entitled relief requires "more than labels and conclusions." *Twombly*, 550 U.S. at 555.

A complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570) (internal quotations omitted).  "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Bowlby v. City of Aberdeen, Miss.*, 681 F.3d 215, 218 (5th Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678).  Thus, to plead direct infringement, "[t]he complaint must place the potential infringer on notice of what activity is being accused of infringement." *Nalco Co. v. Chem-Mod, LLC*, 883 F.3d 1337, 1350 (Fed. Cir. 2018) (internal quotation marks, alterations,

and citation omitted).  To provide notice, a plaintiff must generally do more than assert the mere conclusion that a product infringes the claim; a plaintiff must show *how* the defendant plausibly infringes by alleging some facts connecting the allegedly infringing product to the claim elements. *See SIPCO, LLC v. Streetline, Inc.*, 230 F. Supp. 3d 351, 353 (D. Del. 2017) (granting the motion to dismiss because "[t]he complaint contains no attempt to connect anything in the patent claims to anything about any of the accused products").

As this Court has previously held, a complaint does not meet the required pleading standard where the complaint fails to: (a) identify the actors who practiced each element of the allegedly infringed claim; or to (b) provide any description of how the allegedly infringing products meet all limitations of the allegedly infringed claims.  *De La Vega v. Microsoft Corp.*, No. W-19-CV-00612-ADA, 2020 WL 3528411, at *6 (W.D. Tex. Feb. 11, 2020) ("Because Plaintiff does not include even a short written description of how the accused instrumentalities meet the 'coupling' limitation, his complaint fails to state a claim upon which relief can be granted").

## III.   ARGUMENT

GreatGigz's claims of direct and willful infringement fail to meet the minimum pleading standards recognized by this Court, the Federal Circuit, and the Supreme Court, and thus should be dismissed in their entirety.

### A.   Count I of the Complaint fails to plausibly allege direct infringement and should be dismissed.

#### i.   Plaintiff's identification of the "Accused Instrumentalities" fails to put Grubhub on notice of the allegedly infringing activities.

The Complaint's deficiency and lack of clear mapping of the claim limitations to a specific Grubhub product makes it impossible to decipher *how* the accused components allegedly infringe the asserted patent claims.

3

GreatGigz chose to assert only apparatus claims in its Complaint.[1]  To infringe an apparatus claim, the device must meet all of the structural limitations.  *See Hewlett–Packard Co. v. Bausch & Lomb Inc.*, 909 F.2d 1464, 1468 (Fed.Cir.1990) ("[A]pparatus claims cover what a device is, not what a device does."); *In re Michlin*, 45 C.C.P.A. 1028, 256 F.2d 317, 320 (1958) ("It is well settled that patentability of apparatus claims must depend upon structural limitations and not upon statements of function.").  An apparatus claim is not infringed where a defendant itself does not make an apparatus with all of the structural limitations.  *See Cross Med. Prod., Inc. v. Medtronic Sofamor Danek, Inc.*, 424 F.3d 1293, 1311 (Fed. Cir. 2005) (holding that the manufacturer of the accused device, did not infringe because it "does not itself make an apparatus with the 'interface' portion in contact with bone.").

GreatGigz premises its infringement allegations on a distributed system of its own creation—the fictitious "Grubhub[2] apparatus"—which requires input from users, independent contract delivery service providers ("Drivers"), and Grubhub, and which GreatGigz broadly defines to include "servers, hardware, software, and a collection of related and/or linked web pages and mobile applications for providing job search and/or recruitment services to individuals (including job seekers, contractors, and employers) in the United States."  Complaint at ¶ 47.  GreatGigz further alleges that the public-facing aspect of the newly minted "Grubhub apparatus" includes (1) the Grubhub website, (2) the Grubhub Mobile Applications for Consumers, and (3) the Grubhub Mobile Applications for Drivers.  *Id*.  The Complaint summarily combines these devices together as the "Accused Instrumentalities."  *Id*.  But by comingling the various disparate

---

[1] The Complaint accused Grubhub of allegedly infringing claim 25 of the '194 Patent (Count I), claim 18 of the '086 Patent (Count II), claim 1 of the '864 Patent (Count III), and claim 1 of the '000 Patent (Count IV).

[2] Grubhub does not capitalize the "H" in its name.  When quoting Plaintiff's allegations in this Motion and the charts attached hereto, Grubhub has corrected that typographical error.

components of the "Accused Instrumentalities" (the Mobile Applications for Consumers, the Mobile Applications for Drivers, and servers) together with unrelated actors (the customer, Driver, and Grubhub) GreatGigz makes it impossible to decipher who or what allegedly satisfies each claim limitation.

For example, claim 25 of the '194 Patent recites a number of components that perform certain functions, but does not plausibly allege whether these accused components perform any activity that satisfies the remainder of the claim elements.  GreatGigz's failure to identify these components in the so-called "Grubhub Accused Instrumentalities" makes it impossible for Grubhub to test the veracity of claims and thus cannot constitute notice of the allegedly infringing activity.  Among other limitations, claim 25 of the '194 Patent requires:

1. "a memory device for storing at least one of work schedule information and scheduling information for at least one of an individual, an independent contractor, a temporary worker, and a freelancer,"

2. "a receiver for receiving a first request…"

3. "a processing device for processing information contained in the first request, wherein the processing device generates a first message…" and

4. "a transmitter for transmitting the first message to the first communication device…"

The Complaint alleges, without support, that the "Grubhub Accused Instrumentalities" comprise "data centers housing memory devices, processing devices, receivers, and transmitters." Complaint at ¶ 54.  But the Complaint does not allege that those components perform the actions recited in the claims, nor does it attempt to tie the alleged components of the "Grubhub Accused Instrumentalities" to one or more claim limitations.  The Complaint also accuses input from non-Grubhub entities—e.g., customers and Drivers—for the actions that the "memory device," "receiver," "processing device," and "transmitter" must perform:

57. The Grubhub Accused Instrumentalities comprise a receiver for receiving a first request from a communication device associated with a hiring entity (e.g., the

user of the Grubhub Mobile App for Consumers and/or the user of the Grubhub web page at grubhub.com).  *On information and belief, when a user seeks to place an order using the Grubhub apparatus, a first request is generated to obtain the work schedule information for the known available independent contractors in order to generate an Estimated Time for Delivery*.  If acceptable, the user has the option of placing the order and completing the transaction

58. On information and belief, *when a user completes an order using the Grubhub Accused Instrumentalities, the order comprises a second request to engage and obtain the Grubhub Independent Contractor in the vicinity, and to thereafter receive delivery/status information*.  On information and belief, the Independent Contractors are notified via "push notification" when a new order is ready for delivery.  *Drivers are notified* of available orders based on their proximity.  If the initial driver does not timely respond by accepting the offer for delivery, it is passed to the next available driver for consideration.  The second request is confirmed, and the user is then given the options to "Track My Order" and real-time mapping features, as well as by the "ETA" and order status indications on the Grubhub Consumer App.

Complaint at ¶¶ 57–58.

GreatGigz's disconnected attempt to map elements of claim 25 of the '194 Patent to the cobbled-together "Grubhub Accused Instrumentalities" fails to provide Grubhub with plausible notice of how it allegedly infringes.  To sufficiently plead infringement, GreatGigz must do more than make a conclusory assertion that the product (or, in this case some aggregate product comprised of different applications, websites, servers, and actions taken by Grubhub users and Drivers) infringes the claim.  *See SIPCO*, 230 F. Supp. 3d at 353.  Instead, GreatGigz must show how the Grubhub plausibly infringes by alleging facts connecting the product to the claim elements.  *See id.*  Because the Complaint fails to meet this threshold, GreatGigz's allegations of direct infringement in Count I should be dismissed.

### ii.     Plaintiff fails to address a number of claim limitations of claim 25 of the '194 Patent.

GreatGigz's allegation that Grubhub directly infringes claim 25 of the '194 Patent (Count I) ignores a number of critical claim limitations, thus failing to plausibly allege direct infringement.

For example, claim 25 of the '194 Patent requires, among other limitations:

> wherein the receiver receives a second request, wherein the second request contains information for at least one of reserving, engaging, and requesting, the services of the at least one of an individual, an independent contractor, a temporary worker, and a freelancer, wherein at least one of the processing device processes the information contained in the second request and at least one of reserves, engages, and requests, the services of the at least one of an individual, an independent contractor, a temporary worker, and a freelancer, the processing device generates a second message containing information regarding the second request, and the transmitter transmits a second message containing information regarding the second request to a second communication device associated with the at least one of an individual, an independent contractor, a temporary worker, and a freelancer.

*See* Dkt. 1, Exhibit A ('194 Patent) at 44:38–45:11.

For this limitation, GreatGigz alleges that "when a user completes an order using the Grubhub Accused Instrumentalities, the order comprises a second request to engage and obtain the Grubhub Independent Contractor in the vicinity, and to thereafter receive delivery/status information." Complaint at ¶ 58. The Complaint fails to allege what piece, part, or functionality of the fictitious "Grubhub Accused Instrumentalities" practices (1) "the receiver receives a second request," (2) " the processing device processes the information contained in the second request and at least one of reserves, engages, and requests, the services of the at least one of an individual, an independent contractor, a temporary worker, and a freelancer," (3) "the processing device generates a second message containing information regarding the second request," and (4) "the transmitter transmits a second message containing information regarding the second request to a second communication device associated with the at least one of an individual, an independent contractor, a temporary worker, and a freelancer."

Instead of identifying what components of the "Grubhub Accused Instrumentalities" satisfy the elements of claim 25 of the 194 Patent, GreatGigz includes a series of screenshots, without any explanation for how those screen shots support its infringement allegations. *See*

Complaint at ¶ 58.  The screenshots alone are wholly insufficient of putting Grubhub on notice of what activities allegedly infringe or how.

This Court recently held that providing only screenshots in a Complaint in support of an infringement allegation without an explanation to how the screenshot demonstrates that the defendant infringes, is insufficient to pass muster under Fed. R. Civ. P. 12(b)(6).  *See De La Vega*, 2020 WL 3528411, at *6 (dismissing with prejudice).  Other district courts agree that a complaint that merely states in conclusory language that a defendant infringes one or more claims is insufficient. As the District of Delaware has held, "[t]here needs to be some facts alleged that articulate why it is plausible that the other party's product infringes that patent claim—not just the patentee asserting, in conclusory fashion, that it is so."  *N. Star Innovations, Inc. v. Micron Tech., Inc.*, 2017 WL 5501489, No. 17-506-LPS-CJB, (D. Del. Nov. 16, 2017), at *2 (emphasis original) adopted by No. 1:17-cv-506-LPS, Dkt. No. 37, slip op. at 1 (D. Del. Jan. 3, 2018) (dismissing complaint).  Accordingly, the screenshots provided in the Complaint do not put Grubhub on notice as to how the "Grubhub Accused Instrumentalities" practice the limitation beginning "wherein the receiver receives a second request…" of claim 25 of the '194 Patent or any claims depending from it.

Accordingly, the Complaint, and specifically Count I,  does not meet the pleading threshold because it fails to provide any description of how the allegedly infringing products met multiple limitations of the allegedly infringed claims.  *See De La Vega* 2020 WL 3528411 at *6 ("Because Plaintiff does not include even a short written description of how the accused instrumentalities meet the 'coupling' limitation, his complaint fails to state a claim upon which relief can be granted").  Because it fails to plausibly plead direct infringement, Count 1 should be dismissed for failure to state a claim upon which relief can be granted.

**B.  Counts II, III, and IV fail to plausibly allege direct infringement and should be dismissed.**

GreatGigz's allegations in Counts II, III, and IV are also deficient and should be dismissed for at least the same reasons discussed in Section III.A.

In Counts II, III, and IV, GreatGigz alleges that Grubhub directly infringes claim 18 of the '086 Patent, claim 1 of the '864 Patent, and claim 1 of the '000 Patent, respectively.  These counts largely repeat GreatGigz's allegations from Count I, but omit references to screenshots and hyperlinks—many of which are to third-party websites—that allegedly support its infringement allegations in Count I.  Counts II, III, and IV, repeatedly instruct Grubhub to "*see above,*" but fail to identify which paragraph(s) or even which section(s) of the Complaint support GreatGigz's unsupported allegations.  Complaint at ¶¶ 67–73,[3] 81–87, 94–100.  This leaves Grubhub forced to guess which arguments, screenshots, and/or hyperlinks apply to which aspects of GreatGigz's theory of direct infringement for Counts II, III, and IV.  GreatgGigz's deficient allegations fail to put Grubhub "on notice of what activity is being accused of infringement."  *See Nalco*, 883 F.3d at 1350 (internal quotation marks, alterations, and citation omitted).

Further, as with Count I, the allegations in Counts II, III, and IV similarly fail to address a number of claim limitations.  *See* Exs. B, C, and D.[4]  Because Counts II, III, and IV fail to plausibly state a claim for direct infringement, those counts should be dismissed.

---

[3] Paragraph 73 of the Complaint does include one screenshot and two hyperlinks, without any explanation of how those sources support GreatGigz's infringement allegations as to claim 18 of the '086 Patent.  As discussed in Section III.A.i, this Court recently held that providing only screenshots in support of infringement allegation that a defendant infringes an element of a patent claim without explanation does not state a claim on which relief can be granted.  *See De La Vega*, 2020 WL 3528411, at *6.

[4] Exhibits B, C, and D contain charts which show the various actors purportedly relevant to each asserted claims in Counts II, III, and IV, respectively, and highlight the lack of factual statements corresponding to the asserted claims/claim elements and such actors.

 i.     **Count II of the Complaint ignores limitations of claim 18 of the '086 Patent and should be dismissed.**

Count II alleges direct infringement of claim 18 of the '086 Patent.  Complaint at ¶ 66. But the Complaint fails to allege that the "Grubhub Accused Instrumentalities" satisfy a number of claim limitations.

For example, the Complaint fails to allege that the "Grubhub Accused Instrumentalities" satisfy the limitation that requires "a processing device… wherein the processing device utilizes the information regarding an individual stored in the memory device in processing the information regarding a recruitment search request or inquiry."  *See* Dkt. 1, Exhibit B ('086 Patent) at 44:26–30.  The Complaint alleges, without support, that the "Grubhub Accused Instrumentalities" comprise "a processing device which automatically detects searching events … [and] which generates a message containing information regarding the individual" (*see* Complaint at ¶¶ 72, 73) but is silent as to a processing device that "utilizes the information regarding an individual stored in the memory device in processing the information regarding a recruitment search request or inquiry."  Count II therefore fails to provide any description of how the allegedly infringing products meet at least this limitation of the allegedly infringed claims.  *See De La Vega* 2020 WL 3528411 at *6.

Because Count II fails to plausibly state a claim for direct infringement, Count II should be dismissed.

 ii.     **Count III of the Complaint ignores limitations of claim 1 of the '864 Patent and should be dismissed.**

Count III alleges direct infringement of claim 1 of the '864 Patent.  Complaint at ¶ 79.  As with Counts I and II, Count III fails to address a number of limitations recited in claim 1 of the '864 Patent.

The Complaint fails to allege that the "Grubhub Accused Instrumentalities" practice the limitation requiring "a processor, wherein the processor is associated with a website, and further wherein the processor is specially programmed to process or to provide job search information, recruitment information, or recruitment-related information" as recited in claim 1 of the '864 Patent.  *See* Dkt. 1, Exhibit C ('864 Patent) at 42:5–9. The Complaint states generally, without support, that the "Grubhub Accused Instrumentalities" "comprise an apparatus comprising … a processor."  *See* Complaint at ¶ 81.  But the Complaint does not allege that (1) the processor is associated with a website, or that (2) "the processor is specially programmed to process or to provide job search information, recruitment information, or recruitment-related information, as required by claim 1 of the '864 Patent.  Similarly, the Complaint is silent as to the final limitation of claim 1 of the '864 Patent, which recites:

> wherein the apparatus processes the information contained in the second request and generates a second message containing information regarding the second request, and further wherein the apparatus transmits the second message to a second communication device, wherein the second communication device is associated with the individual, the independent contractor, the temporary worker, or the freelancer.

*See* Dkt. 1, Exhibit C ('864 Patent) at 42:25–32.

Count III therefore fails to provide any description of how the allegedly infringing products met at least these limitations of the allegedly infringed claims.  *See De La Vega* 2020 WL 3528411 at *6.  Because Count III fails to plausibly state a claim for direct infringement, it should be dismissed.

### iii.   Count IV of the Complaint ignores limitations of claim 1 of the '000 Patent and should be dismissed.

Count IV alleges direct infringement of claim 1 of the '000 Patent.  Complaint at ¶ 93.  But, as with the other counts in the Complaint, Count IV fails to address a number of claim limitations in the identified claim.

For example, the Complaint fails to allege that the "Grubhub Accused Instrumentalities":

> processes information contained in a second request, wherein the second request contains information for offering services of the individual, the independent contractor, the temporary worker, or the freelancer, to the employer or hiring entity, or contains information for the employer or hiring entity reserving or requesting the services of the individual, the independent contractor, the temporary worker, or the freelancer.

*See* Dkt. 1, Exhibit D ('000 Patent) at 42:32–40.

For this limitation, the Complaint alleges that "when a user completes an order using the Grubhub Accused Instrumentalities, ***the order comprises a second request to engage and obtain the Grubhub Independent Contractor*** in the vicinity, and to thereafter receive delivery/status information." Complaint at ¶ 100 (emphasis added). Accordingly, the "second request" identified in the Complaint is a request *from the user* to an unidentified Grubhub Driver. But claim 1 of the '000 Patent requires that the second request "contains information for offering services of the … independent contractor … to the employer or hiring entity … or contains information for the employer or hiring entity reserving or requesting the services of the … independent contractor." The Complaint therefore fails to allege that the "Grubhub Accused Instrumentalities" satisfy this claim limitation, and certainly fails to provide any explanation as to how the allegedly infringing products meet at least this limitation of claim 1 of the '000 Patent. *See De La Vega* 2020 WL 3528411 at *6.

Because Count IV fails to plausibly state a claim for direct infringement, it should be dismissed.

### C. Plaintiff's allegations of willful infringement are deficient and should be dismissed.

#### i. The Complaint's allegations of pre-suit willfulness should be dismissed.

To the extent GreatGigz alleges pre-suit willful infringement, such allegations should be dismissed because GreatGigz's allegation failed to plead pre-suit knowledge of any of the Asserted Patents.

The Complaint does not allege that Grubhub knew about any of the Asserted Patents before the filing of this lawsuit—which, indeed, Grubhub did not.  *See* Complaint at ¶¶ 49, 64. This Court explained the appropriate standard to adequately plead a claim of willful infringement in *Parity Networks*:

> To state a claim for willful infringement a plaintiff must allege facts plausibly showing that as of the time of the claim's filing, the accused infringer: (1) knew of the patent-in-suit; (2) after acquiring that knowledge, it infringed the patent; and (3) in doing so, it knew, or should have known, that its conduct amounted to infringement of the patent.  Further, a plaintiff should plead willfulness with sufficient articulation of the relevant fact.

*Parity Networks, LLC v. Cisco Sys., Inc.*, No. 6:19-cv-00207-ADA, 2019 WL 3940952, at *3 (W.D. Tex. July 26, 2019) (Albright, J.) (quoting *Valinge Innovation AB v. Halstead New England Corp.*, No. 16-1082-LPS-CJB, 2018 WL 2411218, at *13 (D. Del. May 29, 2018)).  In contrast to the complaint *Parity Networks*, which "adequately allege[d] that Defendant had knowledge of infringement prior to the filing of the complaint,"  GreatGigz concedes the absence of facts to show such pre-suit knowledge by alleging only that Grubhub "has been on actual notice of the ['194 Patent and the '086 Patent] at least as early as the date it received service of this Original Complaint."[5]  Complaint at ¶¶ 49, 64.

Because GreatGigz has not alleged that Grubhub "knew of" the '194 and '086 Patents prior to the filing of the lawsuit, GreatGigz failed to allege at least one of the requisite components

---

[5] Grubhub notes that the Complaint does not allege willful infringement of the '864 or '000 Patents, or that Grubhub had knowledge of those patents by any particular date *prior* to the filing of the Complaint.  Accordingly, GreatGigz has not pled willful infringement of the '864 or '000 Patents.

of willful allegations.  *Parity Networks*, 2019 WL 3940952 at *3 ("a plaintiff must allege facts plausibly showing that ***as of the time of the claim's filing***, the accused infringer … knew of the patent-in-suit") (emphasis added); *Valinge*, 2018 WL 2411218 at *13 (granting defendants' motion to dismiss allegations of willful infringement where plaintiff did not plausibly allege that defendants had knowledge of that pates as of the date of the filing of the original complaint). GreatGigz's allegations of willful infringement should therefore be dismissed.

### ii.    The Complaint's allegations of post-suit willfulness should be dismissed.

GreatGigz's allegations also do not meet the standard for supporting a claim for willfulness based on post-suit conduct.  This Court and others have dismissed claims for enhanced damages where the complaint alleges nothing more than a garden-variety patent case, as GreatGigz has done.  *See Flash-Control, LLC v. Intel Corp.*, C.A. No 1:19-cv-1107-ADA, No. 35 (W.D. Tex. Oct. 31, 2019) (dismissing without prejudice allegations regarding post-suit willfulness and citing to its decision in *Parity Networks* as the standard for sufficient allegations); *VLSI Tech. LLC v. Intel Corp.*, C.A. No. 6:19-cv-00254-ADA, No. 52 (W.D. Tex. Aug. 6, 2019) (dismissing without prejudice an enhanced damages claim based on willful infringement); *Meetrix IP, LLC v. Cisco Sys., Inc.*, No. 1-18-CV-309-LY, 2018 WL 8261315, at *3–4 (W.D. Tex. Nov. 30, 2018)  (dismissing willful infringement claim and agreeing that "the complaint does not allege any facts raising a plausible inference of the egregious behavior required under *Halo*"); *see also M & C Innovations, LLC v. Igloo Prod. Corp.*, No. 4:17-CV-2372, 2018 WL 4620713, at *5 (S.D. Tex. July 31, 2018) (dismissing willful infringement claim as the patent claims were "garden-variety").

As discussed above, GreatGigz's only allegation of Grubhub's actual knowledge of the patent is by way of the Complaint.  GreatGigz's remaining willfulness allegations simply state without any additional explanation, that Grubhub continues to willfully infringe:

> 60. To the extent Defendant continues, and has continued, its infringing activities noted above in an infringing manner post-notice of the '194 Patent, such infringement is necessarily willful and deliberate.  Plaintiff believes and contends that Defendant's continuance of its clear and inexcusable infringement of the '194 Patent post-notice is willful, wanton, malicious, bad-faith, deliberate, and/or consciously wrongful.

> 75. To the extent Defendant continues, and has continued, its infringing activities noted above in an infringing manner post-notice of the '086 Patent, such infringement is necessarily willful and deliberate.  Plaintiff believes and contends that Defendant's continuance of its clear and inexcusable infringement of the '086 Patent post-notice is willful, wanton, malicious, bad-faith, deliberate, and/or consciously wrongful.

Complaint at ¶¶ 60, 75.

The Complaint alleges no facts to support a plausible inference that Grubhub knew or should have known that it was purportedly infringing the '194 Patent or the '086 Patent.  Nor does Complaint identify any specific "willful, wanton, malicious, bad-faith, deliberate, and/or consciously wrongful" act on the part of Grubhub. In short, the Complaint fails to provide *any* factual support or reasoning for GreatGigz's bald allegations of willful infringement, much less "a sufficient articulation of the relevant facts."  *See Parity Networks*, 2019 WL 3940952 at *3.

Because the Complaint fails to plead sufficient factual support for its allegations of willful infringement, GreatGigz's willful infringement allegations are necessarily insufficient and should be dismissed.

## IV.   CONCLUSION

For the foregoing reasons, Grubhub respectfully requests that the Court grant its motion and dismiss GreatGigz's Complaint in its entirety for failure to plausibly state a claim for relief.

October 2, 2020                                Respectfully submitted,


                                               By: /s/  Syed Fareed
                                               Robert C. Scheinfeld (admitted pro hac vice)
                                               State Bar No. 2286094 (NY)
                                               robert.scheinfeld@bakerbotts.com
                                               Eric Faragi (admitted pro hac vice)
                                               State Bar No. 4300687 (NY)
                                               eric.faragi@bakerbotts.com
                                               BAKER BOTTS L.L.P.
                                               30 Rockefeller Plaza
                                               New York, NY 10112
                                               (212) 408-2500
                                               (212) 408-2501 (fax)

                                               Syed Fareed
                                               State Bar No. 24065216
                                               syed.fareed@bakerbotts.com
                                               Bailey Morgan Watkins (admitted pro hac vice)
                                               State Bar No. 24102244
                                               bailey.watkins@bakerbott.com
                                               BAKER BOTTS L.L.P.
                                               98 San Jacinto Boulevard
                                               Austin, Texas 78701
                                               (512) 322-2500
                                               (512) 322-2501 (fax)

                                               *Attorneys for Defendant GRUBHUB
                                               HOLDINGS INC.*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on October 2, 2020, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Local Rule CV-5(b).

/s/  Syed Fareed